## No. 7367.

### AARON LOEB VS. FRANCOIS DECUIR ET AL.

Owners of property, who have incumbered it by *bona fide* mortgages or other liens, can not divest it of those incumbrances and defeat the rights of creditors by provoking or permitting a sale for taxes.

An action to enforce a lease against parties who had fraudulently combined to deprive the lessee of its benefits is not prescribed in one year.

APPEAL from the District Court for Pointe Coupee.    YOIST, J.

*Hewes & Parlange* for Plaintiff Appellant.    *Haralson & Claiborne* for Defendants.

MANNING, C. J.    Francois Decuir owed the plaintiff $1,655 and in payment of it leased him a piece of land for nine years, commencing with 1874.    Loeb went into possession and so remained until the autumn of 1875, when he was dispossessed by Baum, co-defendant with Decuir, under the pretext that he had bought the land at sheriff's sale for taxes.    A sale had in fact taken place not initiated or conducted by the tax collector, but the district attorney had brought suit in the name of the State for the taxes and judgment was rendered, and the sale was made under execution issuing thereon. Loeb offered to pay the taxes before the sale, but was refused.    He then instituted this suit against both Decuir and Baum to enforce the lease, to declare the latter's title null, and to recover the yearly rent of the land.    He alleges that the defendants conspired and colluded to procure this sale.    The fraudulent collusion and the simulation of the sale are established.    The narrative of events, or history of the the case shews it.    There was no incumbrance on the land save the taxes and obligations resulting from the lease.    The land was divided into two lots for the purpose of the sale, and although the

first lot brought twelve times more than the taxes, the sheriff sold the other and the owner stood by and made no remonstrance against it.

The prescription of one year was pleaded to the action as being one of nullity of the judgment against Decuir and a possessory action combined. But it is neither. It is an action to enforce a lease against the parties who fraudulently combined to deprive the lessee of its benefits. Incidental to this object is the deprivation of Baum of his pretence of title, and hence the attack on the sale from which he claims to have acquired it. Parties who own property which they have incumbered by *bona fide* mortgages or other liens, cannot divest it of those liens, and defeat the rights of creditors by provoking or permitting a collusive sale for taxes. Renshaw *v.* Stafford, 30 Ann. 853.

*Judgment reversed, sale annulled, and judgment for plaintiff for $150 yearly rental.*